**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4161-14T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAMES WOODS, a/k/a AARON DAVIS
and JAMES GREEN,

    Defendant-Appellant.

_____

Submitted April 24, 2017 — Decided May 3, 2017

Before Judges Sabatino and Geiger.

On appeal from Superior Court of New Jersey,
Law Division, Camden County, Indictment No.
08-12-3640.

Joseph E. Krakora, Public Defender, attorney
for appellant (William Welaj, Designated
Counsel, on the brief).

Mary Eva Colalillo, Camden County Prosecutor,
attorney for respondent (Nancy P. Scharff,
Assistant Prosecutor, of counsel and on the
brief).

PER CURIAM

    Defendant James Woods, who was convicted of robbery and other

offenses after a 2010 jury trial, appeals the trial court's denial

of his post-conviction relief (PCR) petition without an evidentiary hearing.  We affirm.

In a seven-count indictment, defendant and co-defendant Perry Alston were jointly charged with first-degree armed robbery, N.J.S.A. 2C:15-1(a)(1) (count one); third-degree possession of a knife for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count two); fourth-degree unlawful possession of a knife, N.J.S.A. 2C:39-5(d) (count three); second-degree conspiracy to commit armed robbery, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:15-1(a)(1) (count four); and fourth-degree resisting arrest by flight, N.J.S.A. 2C:29-2(a) (count six). Alston was separately charged with third-degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10(a)(1) (count five); and third-degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10.5 (count seven). The jury convicted defendant of all the charges against him.  After the jury rendered its verdict, defendant moved for a new trial pursuant to Rule 3:20-1.  The trial court denied the motion.

At sentencing, the trial court denied the State's motion to sentence defendant to an extended term as a persistent offender. After merging counts two, three, and four into count one, the court sentenced defendant to a seventeen-year prison term, with an eighty-five percent period of parole ineligibility under the

No Early Release Act, N.J.S.A. 2C:43-7.2. The court imposed a concurrent one-year term on count six.

In this court's unpublished opinion on direct appeal, we recounted the underlying facts.

> Both co-defendants were tried together. Sergeant Rafael Martinez of the Camden City Police Department testified that on August 27, 2008, he was assigned to patrol the Broadway Avenue area of Camden. Martinez testified that the area was designated a "high-crime" area where "a lot of drug sales" took place.
>
> At around 2:00 p.m., Martinez was on routine patrol in a police vehicle on William Street behind a methadone clinic, when he "observed two black males and a white male standing in the parking lot" of the clinic. The white male was later identified as the victim, Steven Phillips. According to Martinez, the two black males, later identified as co-defendants, fled the scene when they observed his vehicle:
>
>> As soon as the two black males observed my presence, they were looking right at me, they immediately took off running. Of course, I said something's going on. I immediately drove up to the victim with my window rolled down from the passenger side. He told me, "They just robbed me."
>
> Martinez chased the two individuals on foot and observed them enter an alleyway. Martinez testified there was no exit from the alleyway, "so they had nowhere to go."
>
> As Martinez entered the alleyway, he instructed the two men "to stop and get down," but they did not comply. He then observed Alston "drop an object onto the ground," and testified that defendant ran past him while he was trying to detain Alston. According to Martinez, Alston said, "I was selling him pills." Martinez arrested Alston and found several different pills in a prescription pill container in his pocket. Martinez also

recovered the object that Alston dropped--a folding knife. Other officers apprehended defendant.

Phillips testified at trial he was at the clinic for counseling and to receive methadone. According to Phillips, he left the clinic between 12:00 and 12:30 p.m., and as he was leaving two men approached him and began to harass him: "As I was approached, basically the gentleman pulled a knife out on me. Another gentleman went for my wallet. I tried to knock his hand down, away, a couple of times. Then the one gentleman told the other gentleman to stab me." Phillips identified Alston as the man with the knife. Phillips said he "flung" his wallet, containing "roughly" fifteen or sixteen dollars, and his medication. Defendant took the money from the wallet and both men ran when they saw Martinez arrive.

Phillips followed defendant after he ran past Martinez and watched other officers detain him. Phillips testified the police asked him how much money was stolen from his wallet, and he told them, "I believe it was a ten, a five, and a one, or a ten and six ones." According to Phillips, the money in defendant's pocket "was balled up and it was exactly what I said at the time." Phillips identified the knife collected by Martinez as the knife that was used in the robbery.

Neither defendant nor Alston testified or presented any witnesses. In summation, defense counsel argued, "This was all a ruse by Mr. Phillips to get out of the fact that he's a drug user still using drugs caught in the act of buying drugs."

[State v. Woods, No. A-1010-10 (App. Div. August 21, 2013)(slip op. at 4-6), certif. denied, 217 N.J. 293 (2014).]

In his present appeal, defendant raises through counsel the following arguments for consideration:

POINT I

THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT AFFORDING

4

HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION AT THE TRIAL LEVEL.

A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS AND PETITIONS FOR POST CONVICTION RELIEF.

B. THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF COUNSEL'S FAILURE TO REQUEST A MISTRIAL AND SEEK A SEVERANCE WHEN IT BECAME APPARENT THE CO-DEFENDANT'S DECISION TO PROCEED PRO SE WOULD ADVERSELY IMPACT THE DEFENDANT'S ABILITY TO RECEIVE A FAIR TRIAL.

C. THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF COUNSEL'S FAILURE TO ADEQUATELY AND EFFECTIVELY CROSS-EXAMINE CERTAIN OF THE STATE'S WITNESSES TO ELICIT BENEFICIAL TESTIMONY FOR THE DEFENSE.

The applicable legal principles that guide our review of this PCR appeal involving claims of trial counsel's ineffectiveness are well-established.

Under the Sixth Amendment of the United States Constitution, a criminal defendant is guaranteed the effective assistance of legal counsel in his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984). To establish a deprivation of that right, a convicted defendant must satisfy the two-part test enunciated in Strickland by demonstrating that: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. Id. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693;

accord <u>State v. Fritz</u>, 105 <u>N.J.</u> 42, 58 (1987) (adopting the <u>Strickland</u> two-part test in New Jersey).

"Judicial scrutiny of counsel's performance must be highly deferential." <u>Id.</u> at 689, 104 <u>S. Ct.</u> at 2065, 80 <u>L. Ed.</u> 2d at 694. In reviewing such claims, courts apply a strong presumption that defense counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." <u>Id.</u> at 690, 104 <u>S. Ct.</u> at 2066, 80 <u>L. Ed.</u> 2d at 695. "[C]omplaints 'merely of matters of trial strategy' will not serve to ground a constitutional claim of inadequacy[.]" <u>Fritz</u>, <u>supra</u>, 105 <u>N.J.</u> at 42, 54 (1987) (quoting <u>State v. Williams</u>, 39 <u>N.J.</u> 471, 489 (1963), <u>cert. denied</u>, 382 <u>U.S.</u> 964, 86 <u>S. Ct.</u> 449, 15 <u>L. Ed.</u> 2d 366 (1965), <u>rev'd on other grounds</u> <u>State v. Czachor</u>, 82 <u>N.J.</u> 392 (1980)). Proceeding with a joint trial with Alston, rather than seeking a severance, was a tactical, strategic decision. <u>See</u> <u>State v. Buonadonna</u>, 122 <u>N.J.</u> 22, 43-44 (1991). Where, as here, a convicted defendant claims that his trial attorney was deficient in failing to move for severance, our courts review the attorney's decision on such strategic matters through a "highly deferential" prism. <u>See</u>, <u>e.g.</u>, <u>State v. Arthur</u>, 184 <u>N.J.</u> 307, 320-21 (2005).

"To establish a <u>prima facie</u> claim of ineffective assistance of counsel, a defendant must demonstrate the reasonable likelihood of succeeding" under the <u>Strickland</u>-<u>Fritz</u> test. <u>State v. Preciose</u>,

129 N.J. 451, 463 (1992). When defendants establish a prima facie claim of ineffective assistance of counsel, they are ordinarily entitled to an evidentiary hearing on their claims. Id. at 462; R. 3:22-10(b).

Applying these standards, we affirm the PCR court's conclusion that defendant did not establish a prima facie case of ineffective assistance of counsel, and that his claims were without merit.

In our opinion on direct appeal we addressed defendant's argument that Alston's improper statement in his opening statement deprived him of a fair trial.

> In his third point, defendant argues Alston, who represented himself at trial, "made improper opening statement remarks which were highly prejudicial to defendant and deprived him of a fair trial." Specifically, defendant objects to Alston's statement that he "and Mr. Woods [were] at the scene because they were getting high."
>
> Defense counsel objected to the remark and, at sidebar, the trial judge instructed Alston not to testify during the remainder of his opening statement. Following Alston's opening statement, the trial judge provided the jury with the following instruction:
>
>> Now that we've completed the opening arguments and before we actually hear from the witnesses, I do want to remind you of the point that I made during the general instructions, which is that the arguments of counsel and, as well, Mr. Alston presenting his opening arguments . . . are not evidence. . . . [T]he evidence is limited strictly to what you will hear from witnesses, documents that are

7

> admitted as exhibits, and physical evidence that may be admitted as exhibits.

> Thus, the trial court correctly and promptly instructed the jury to only consider the evidence presented during the course of the trial, and that the opening statements and summations were not evidence. Under these circumstances, Alston's improper statement was harmless. R. 2:10-2.

> [Woods, supra, slip op. at 12-13.]

Defendant contends that his trial counsel was ineffective by failing to move for a mistrial and severance after Alston's allegedly prejudicial comment in openings. In addition, he contends that his trial counsel should have cross-examined the police officer and the robbery victim more fully on certain points to impeach their testimony.

During Alston's opening statement, he stated that he "and Mr. Woods [were] at the scene because they were getting high." Defendant's attorney objected to the remark. Following the co-defendant's opening statement, the trial judge gave an appropriate curative instruction to the jury. Defendant raised this issue on direct appeal. In our opinion on direct appeal, we held that the trial judge correctly and promptly instructed the jury regarding the statement, and that the co-defendant's improper statement was harmless. Woods, supra, (slip op. at 13). Therefore, the failure to move for a mistrial does not meet either prong of the Strickland-Fritz test. In any event, the issue is procedurally

8

barred as it was adjudicated on the merits in defendant's direct appeal. R. 3:22-5.

We also find that the failure to move for severance was not deficient. Defendant made a strategic decision to assert a defense that there was no robbery and that the alleged victim, who was a drug user there to buy drugs, claimed he was robbed to avoid being arrested himself. In his opening statement and his closing argument, trial counsel asserted that the victim was there to buy drugs, but the transaction was interrupted when Sergeant Martinez happened upon the scene. Trial counsel further argued that the victim was "astute" enough to run to the police and claim he had been robbed as a ruse to avoid the fact that he is a drug user who was caught in the act of buying drugs. The co-defendant had the same trial strategy.

In considering a motion for severance, trial courts should "balance the potential prejudice to defendant's due process rights against the State's interest in judicial economy." State v. Coleman, 46 N.J. 16, 24 (1965), cert. denied, 383 U.S. 950, 86 S. Ct. 1210, 16 L. Ed. 2d 212 (1966). "A joint trial is preferable because it fosters the goal of judicial economy and prevents inconsistent verdicts." State v. Weaver, 219 N.J. 131, 157 (2014). Joint trials also serve the interests of justice by enabling "more accurate assessment of relative culpability," an advantage which

"sometimes operates to the defendant's benefit." State v. Brown, 118 N.J. 595, 605 (1990) (quoting Richardson v. Marsh, 481 U.S. 200, 210, 107 S. Ct. 1702, 1708, 95 L. Ed. 2d 176, 187 (1987)).

The test for granting severance is a rigorous one. Id. at 605-06. "The mere existence of hostility, conflict, or antagonism between defendants is not enough." Id. at 606. A mere risk of prejudice is not sufficient to warrant severance; the defendant must show actual prejudice. State v. Moore, 113 N.J. 239, 274 (1988). The defendant bears the burden of demonstrating prejudice. State v. Lado, 275 N.J. Super. 140, 149 (App. Div.), certif. denied, 138 N.J. 271 (1994).

"Separate trials are required only when defendants 'present defenses that are antagonistic at their core.'" Brown, supra, 118 N.J. at 606 (quoting United States v. Berkowitz, 662 F.2d 1127, 1134 (5th Cir. 1981)). "When [a] defendant's defense strategy is antagonistic at its core to the defense strategy of his co-defendant so that the jury could only believe one of them, severance is in order." Weaver, supra, 219 N.J. at 157.

Defendant has not shown that actual prejudice resulted from conducting a joint trial. The two defendants' positions were not "antagonistic and mutually exclusive or irreconcilable." Brown, supra, 118 N.J. at 605. Both defendants challenged the victim's credibility and denied that a robbery had even occurred. Moreover,

because they did not testify or present any witnesses, the two defendants did not present any conflicting evidence. Defendant has not demonstrated a reasonable likelihood that a motion for severance would have been granted, let alone that severance was required.

Defendant also argues that his attorney was ineffective because he did not vigorously cross-examine the victim or Sergeant Martinez. The record reflects that trial counsel extensively cross-examined the victim regarding the time of the victim's earlier treatment and departure from the methadone clinic, and his positive drug test earlier that day. The record further reflects that trial counsel extensively cross-examined Sergeant Martinez regarding deviations from his report. Trial counsel was successful in obtaining Sergeant Martinez's admission that he did not see anyone throw anything away while fleeing, and that he saw Alston drop a folding knife in the alley. Trial counsel also elicited testimony from Sergeant Martinez that the money recovered from Alston was not in the same exact denominations allegedly taken from the victim. Finally, trial counsel was able to obtain Sergeant Martinez's concession that he did not see defendant after passing him.

Finally, as our original opinion on direct appeal reflects, the trial judge correctly instructed the jury on accomplice

liability. <u>Woods</u>, <u>supra</u>, slip op. at 12. Defendant is procedurally barred from re-raising that issue on PCR. <u>R.</u> 3:22-5; <u>State v. McQuaid</u>, 147 <u>N.J.</u> 464, 484 (1997); <u>Preciose</u>, <u>supra</u>, 129 <u>N.J.</u> at 476.

The PCR judge correctly found that defendant did not establish a prima facie case of ineffective assistance of counsel. Defendant is unable to satisfy either prong of the <u>Strickland</u>-<u>Fritz</u> test. Accordingly, the PCR court properly denied defendant's petition without conducting an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION